IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| A.B. DEAN, III,<br>and THERESA SMITH DEAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>COLONIAL BANK, NATIONAL ASSOCIATION, FAY SERVICING, LLC, WILMINGTON SAVINGS FUND SOCIETY, FSB, CITIGROUP MORTGAGE LOAN TRUST 2017-RP2, and FICTICIOUS PARTIES, A, B, C, WHOSE EXACT NAMES ARE UNKNOWN BUT WILL BE SUPPLEMENTED WHEN THE EXACT NAMES AND INFORMATION ARE DETERMINED,<br><br>    Defendants. | Case No.: 3:19-cv-00502-SMD |

**FAY AND WILMINGTON'S MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS**

    COME NOW Fay Servicing, LLC ("Fay") and Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as indenture trustee of Citigroup Mortgage Loan Trust 2017-RP2 ("Wilmington" and together with Fay,

1

the "Defendants"),[1] and file this Memorandum of Law in support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

## STATEMENT OF FACTS

This case presents a dispute over the satisfaction and release of the home mortgage of the plaintiffs, A.B. Dean, III, and Theresa Smith Dean (together, the "Plaintiffs"). In the Complaint, Plaintiffs state that on December 22, 1999, they executed a mortgage (the "Mortgage") in favor of Colonial Bank, National Association f/k/a Colonial Bank ("Colonial") granting a lien on the real property located at 1100 4th Avenue, Opelika, Alabama. Complaint, ¶ 5. The Mortgage was recorded in Mortgage Book 2710, Page 575 in the office of the Judge of Probate of Lee County, Alabama. *Id*. The Mortgage was later assigned to Citigroup Mortgage Loan Trust 2017-RP2 ("Citigroup"). *Id*. at ¶ 9. Fay Servicing, LLC is the current servicer of the loan. *Id.* at ¶ 10. Wilmington Savings Fund Society, FSB, is connected to the Mortgage solely as indenture trustee of Citigroup Mortgage Loan Trust 2017-RP2. *See id.* at ¶ 10; *see also* fn.1, *supra*.

Plaintiffs allege they paid off their loan in December 2018 pursuant to a payoff statement they received from Fay. Complaint, ¶¶ 11-12. Plaintiffs allege that the

---

[1] Wilmington and Citigroup Mortgage Loan Trust 2017-RP2 were improperly identified as separate defendants in this action. Wilmington has never been involved in the subject loan in its individual capacity, but only as indenture trustee of Citigroup Mortgage Loan Trust 2017-RP2.

2

payoff statement sent by Fay was false. Complaint, ¶ 29. The bases for the claims in the Complaint are Plaintiffs' allegation that Defendants refuse to release the Mortgage, have continued collection efforts, and have threatened foreclosure. Complaint, ¶¶ 13-15.

The Plaintiffs assert a federal claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), and state law claims for negligence, breach of contract, slander of title, fraud, and violation of the Alabama Residential Mortgage Satisfaction Act. After laying out these counts, Plaintiffs "demand judgment against the Defendants for both compensatory and punitive damages, Attorneys fees, and costs." Complaint, P. 4. As explained herein, all of these claims should be dismissed.

## STANDARD OF REVIEW

This Court should dismiss a compliant pursuant to Fed. R. Civ. P. 12(b)(6) if it does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept

3

as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## ARGUMENT AND CITATION OF AUTHORITY

**I.     A cause of action for negligence does not exist against Defendants**

In Count One, the Plaintiffs seek to recover against Wilmington, Fay, and the other defendants under the theory of negligence. Specifically, the plaintiffs alleged that all the defendants breached their duty "to manage the account," and their duty to "provide the Deans with accurate information."  Complaint, –18.

Any obligations Wilmington and/or Fay owe to plaintiffs are duties that arose under the Plaintiffs' Mortgage and other loan documents. Accordingly, because these duties arise under contractual agreements, Plaintiffs' negligence claim fails as a matter of law. *Rice v. Seterus, Inc.*, No. 7:17-CV-00732-RDP, 2018 WL 513345, at *4 (N.D. Ala. Jan. 23, 2018)(*citing U.S. Bank Nat'l Ass'n v. Shepherd*, 202 So. 3d 302, 314-15 (Ala. 2015) (holding that negligence claims for servicing and handling mortgages are improper because the underlying duties are established by contract)). Alabama law simply "does not recognize a tort-like cause of action for the breach of a duty created by contract." *McClung v. MERS, Inc.*, 2012 WL 1642209, at *7-8 (N.D. Ala. May 7, 2012)). *See also Barber v. Bus. Prods. Ctr., Inc.*, 677 So. 2d 223,

228 (Ala. 1996)("a mere failure to perform a contractual obligation is not a tort"), overruled in part on other grounds by *White Sands Grp., L.L.C. v. PRS II, LLC*, 32 So. 3d 5 (Ala. 2009); and *Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d 1273, 1290 (N.D. Ala. 2013)("Any obligations Defendant owed to Plaintiffs arose from the mortgage agreement, not from the duty of reasonable care generally owed to members of the public. Because the duty Defendant allegedly breached is based on a contract, and because Alabama law does not permit Plaintiff to assert a tort claim against Defendants for their purported breach of a contract, both Plaintiffs' negligence and wantonness claims are not actionable under Alabama law.")

In fact, there exists "a veritable avalanche of recent (and apparently unanimous) federal precedent has found that no cause of action for negligent or wanton servicing of a mortgage account exists under Alabama law." *James v. Nationstar Mortg., LLC*, 92 F. Supp. 3d 1190, 1198–99 (S.D. Ala. 2015)(citing *Ott v. Quicken Loans, Inc.*, 2015 WL 248938, *5 (M.D. Ala. Jan. 20, 2015)("Alabama law recognizes no such form of action in this context. Specifically, there is an emerging consensus that Alabama law does not recognize a cause of action for negligent or wanton mortgage servicing.")); *Branch Banking and Trust Co. v. EBR Investments LLC*, 2015 WL 225457, *3 (N.D. Ala. Jan. 16, 2015)("Numerous federal courts, including the undersigned, have concluded that Alabama law does not recognize a cause of action for negligent or wanton mortgage

5

servicing.")(citations and internal quotation marks omitted); and *Alverson v. PNC Bank*, 2014 WL 7146995 (S.D. Ala. Dec. 15, 2014)("Alabama law does not recognize a tort-like cause of action for breach of a duty created by contract, at least not between the parties to a contract; therefore, a mortgagor cannot maintain a cause of action against ... a mortgagee for negligent or wanton servicing of a mortgage contract.").

Because a claim for negligence like the one attempted by the Plaintiffs in this case does not exist under Alabama law, Count One of the Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed.

## II.     Breach of Contract

In Count Two of the Complaint, the Plaintiffs allege Wilmington and Fay breached the terms of the Mortgage by failing to release its lien once the Plaintiffs paid the loan secured by the Mortgage. To establish a breach of contract claim, a plaintiff must demonstrate: "(1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *Patton v. Bean*, No. 2:15-CV-00010-MHH, 2016 WL 8115716, at *1–2 (N.D. Ala. Aug. 10, 2016) (citing *City of Gadsden v. Harbin*, 148 So. 3d 690, 696 (Ala. 2013)).

Here, it is not even necessary to analyze the elements of a breach of contract claim. The specific breach alleged in this action – failure to record a release once a

loan has been paid in full – has specific statutory damages prescribed by the Alabama Code, and the statutory remedy is exclusive to all other causes of action. Ala. Code. § 35-10-92(d) (emphasis added) provides that

> [a] secured creditor that is required to submit a satisfaction of a security instrument for recording and does not do so by the end of the period specified in subsection (c) ***is not liable to the mortgagors other than*** for the penalty set forth in subsection (c) and any actual economic damages directly caused by the failure to comply with this section.

The bolded language clearly shows that this is an exclusive remedy and that a mortgagor cannot recover under other causes of action for the failure to record a satisfaction of mortgage. Count Three seeks to recover under § 35-10-92, and that is where the Plaintiffs' remedy lies (provided they have pleaded facts to state a claim, which as will be shown, they have not). The breach of contract claim must be dismissed.

Even if a breach of contract claim could be maintained, the Plaintiffs have failed to show that they have suffered any damages. The only mention of damages in the Complaint is in connection with the fraud claim that Plaintiffs "have lost the use of their money" and the Defendants "continue to send them monthly statements alleging more debts of late fees, late principal and interest payments due, and incorrectly reporting adverse credit information." Complaint, ¶ 30. If viewed vis-à-vis the breach of contract claim, they present no facts showing that the failure to record a cancellation resulted in the alleged damages. They did not lose use of money

since it was required to be paid pursuant to the loan and the sending of monthly statements and incorrect credit reporting cannot plausibly be caused by the failure to record a satisfaction, as the recording of a satisfaction is a distinct act from the sending of statements and credit reporting. The Plaintiffs have failed to state a claim and Count Two must be dismissed.

### III. The Plaintiffs have failed to state a claim under the Alabama Residential Mortgage Recording Act

In Count Three of the Complaint, the Plaintiffs allege the Defendants violated Ala. Code § 35-10-92, which is part of the Alabama Residential Mortgage Recording Act (the "Recording Act"). This section requires secured lenders to submit a satisfaction of a security interest within 30 days after the creditor received full payment and performance of the secured obligation. As noted in Section II, *infra*,

> [a] secured creditor that is required to submit a satisfaction of a security instrument for recording and does not do so by the end of the period specified in subsection (c) *is not liable to the mortgagors other than* for the penalty set forth in subsection (c) and any actual economic damages directly caused by the failure to comply with this section.

Ala. Code § 35-10-92(d). The penalty set forth in subsection (c) is $500, and the statute requires that the satisfaction be submitted by the secured creditor within 30 days after receiving full payment. Ala. Code § 35-10-92(a), (c).

Here, the Plaintiffs have not sought the statutory penalty and have pleaded no facts – or even conclusions – showing that they have suffered "actual economic damages directly caused by the failure to comply with this section." Thus, they have

8

failed to plead a proper cause of action under Ala. Code § 35-10-92 and Count Three should be dismissed.

IV. **The Plaintiffs have failed to state a claim for relief under the FDCPA.**

In Count Four, the Plaintiffs seek to recover damages under the FDCPA, 15 U.S.C. §§ 1692 *et seq.* for the Defendants' continued pursuit of collection efforts, including telephone calls and credit reporting, after the debt at issue was allegedly paid in full. Complaint, ¶¶23-24. To assert a claim under the FDCPA, a plaintiff must establish the following elements: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Janke v. Wells Fargo and Co.*, 805 F.Supp.2d 1278, 1281 (M.D. Ala. 2011).

Here, the Plaintiffs' claim fails for two reasons: (1) they have failed to make the threshold showing that Defendants qualify as debt collectors under the FDCPA; and (2) they have failed to show that they have been damaged by any alleged FDCPA violation.

    A. **Wilmington and Fay are not "debt collectors."**

First, as a threshold matter, the claim must be dismissed because the Plaintiffs have not shown that Fay or Wilmington qualify as "debt collectors" under the FDCPA. The FDCPA defines the term "debt collector" as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6).

Even if one was to qualify as a "debt collector", they are exempted from coverage under the Act provided that they are collecting a debt for a creditor "which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). Thus, mortgage servicers such as Fay, if it otherwise qualified as a debt collector, are not subject to the FDCPA if the debt was not in default when it began servicing. *Church v. Accretive Health, Inc.*, No. 1:14-0057-WS-B, 2014 WL 7184340, at *3 n.4, n.6 (S.D. Ala. Dec. 16, 2014) (collecting cases); *see also Madura v. Lakebridge Condo. Ass'n Inc.*, 382 F. App'x 862, 864 (11th Cir. 2010). ("[C]onsumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered debt collectors, as long as the debt was not in default at the time it was assigned.").

### B.     The Plaintiffs have failed to plead damages under the FDCPA

Even if Fay or Wilmington were shown to be debt collectors, the Plaintiffs have still failed to show that they have suffered any damages. Under the FDCPA, a debt collector is liable for actual damages caused by the violation(s) of the FDCPA, and "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a).

Here, the Plaintiffs have not requested any statutory damages and their prayer for relief requests only "compensatory and punitive damages, Attorney fees, and costs." *See* Complaint at p. 4. However, they have pleaded no facts showing that they have suffered any actual damages as the result of any FDCPA violation. The Complaint says only that the "defendants have reported incorrect credit information" but there are no facts supporting this conclusion nor do they claim that this has damaged them in any way. Because the Plaintiffs have failed to show that they can recover any damages under the FDCPA, the claim fails and must be dismissed.

### V.     The Plaintiffs have not properly plead a claim of slander of title.

In Count Five, the Plaintiffs allege that the failure of the Defendants to remove the lien from their Property constitutes slander of their title.   The sole statement in support of the slander of title claim is, "The failure of the defendants to satisfy the Mortgage, has created a 'cloud' on the title of the subject property and thus is a

slander of the title to the subject property." Complaint, ¶ 26. This does not constitute an actionable slander of title under Alabama law.

Slander of title is a statutory cause of action which provides "the owner of any estate in lands … an action for libelous or slanderous words falsely and maliciously impugning his title." Ala. Code § 6-5-211. The elements of a slander of title action are: "(1) ownership of the property by plaintiff; (2) falsity of the words published; (3) malice of defendant in publishing the false statements; (4) publication to some person other than the owner; (5) the publication must be in disparagement of plaintiff's property or the title thereof; and (6) that special damages were the proximate result of such publication (setting them out in detail)." *Merchants Nat'l Bank of Mobile v. Steiner,* 404 So.2d 14, 21 (Ala. 1981) (quoting *Womack v. McDonald,* 219 Ala. 75, 76–77 (1929)).

The case of *Folmar v. Empire Fire & Marine Ins. Co.*, 856 So. 2d 807, 809 (Ala. 2003) presented virtually the same facts and issue as the instant case. In *Folmar*, the plaintiff asserted that her "cause of action for slander of title arose when [her mortgage company] refused to remove the lien on the house, arguing that its refusal to do so was malicious." Citing *Coffman v. Henderson*, 63 So. 808, 809 (Ala. 1913), the Alabama Supreme Court held that "the refusal to remove a lien, if the lien was recorded without malice, does not give rise to a cause of action for slander of title." *Folmar v. Empire Fire & Marine Ins. Co.*, 856 So. 2d 807, 810 (Ala. 2003).

The plaintiffs in this case do not claim the lien was recorded with malice. Their claim only concerns Wilmington and Fay's failure to release the lien. Under *Folmar*, the Defendants' failure to release a lien does not give rise to a slander of title claim and Count Five must be dismissed.

Setting aside *Folmar*, the Plaintiffs have not set forth a claim for slander of title. First, Defendants' failure to record a release simply is not a false publication, which is required under a claim of slander of title.

Second, there is no mention at all in the Complaint of allowable special damages. "A failure to plead special damages is <u>fatal</u> to Plaintiffs' slander of title claim." *Collins v. BSI Fin. Servs.*, No. 2:16-CV-262-WHA, 2016 WL 6776284, at *12 (M.D. Ala. Nov. 15, 2016)(emphasis added). *See also Dent v. Balch*, 104 So. 651, 652 (1925) ("In actions for slander of title, special damage of a pecuniary nature is the gist of the action, and such damage must be directly and particularly set out in the complaint; an allegation of loss in general terms not being sufficient."). "To satisfy the special damages pleading requirement, a plaintiff must allege that the defendant's false publication 'interrupted, or injuriously affected, some dealing of the plaintiff with his property' or caused the plaintiff to incur expenses 'to relieve his right to the property from the damnifying effect of such false and malicious slander.'" *Prickett v. BAC Home Loans*, 946 F. Supp. 2d 1236, 1244 (N.D. Ala. 2013)(quoting *Ebersole v. Fields*, 62 So. 73, 75 (Ala. 1913)).  *See also Gregory v.*

*Select Portfolio Servicing, Inc.*, No. 2:15-CV-00781-JHE, 2016 WL 4540891, at *12–13 (N.D. Ala. Aug. 31, 2016).

These Plaintiffs do not allege they have suffered any damages that fall under the category of special damages required for an award under slander of title. In the Complaint, plaintiffs asked this Court to award "compensatory and punitive damages, attorneys fees, and costs." These are simply not the types of damages awarded under slander of title. There are no recorded opinions holding that attorney's fees or punitive damages are allowable special damages under a claim of slander of title. Further, special damages typically pertain to failed transactions or other forms of lost profits relating to the property. *Rice v. JPMorgan Chase Bank NA*, No. 7:14-CV-00318-LSC, 2014 WL 3889472, at *9 (N.D. Ala. Aug. 5, 2014) (*citing Norman v. Bozeman*, 605 So.2d 1210, 1214 (Ala.1992) (holding no special damages when no evidence of lost sales or profits)). "[T]he publication of an injurious falsehood must not only affect the person or property concerning which it is published, but it must also be a legal cause of pecuniary loss. This means that it must be a substantial factor in determining <u>the conduct of third persons which brings about the loss</u>." *Stewart v. Williams*, 123 So.3d 969 (Ala. Civ. App. 2013)(emphasis added). In this case, there are no alleged losses Plaintiffs suffered due to third party conduct resulting from a false publication.

Simply put, damages Plaintiffs allege they suffered in the Complaint are not the kind of special damages required under Alabama law for an award of damages under a slander of title claim.  Because the Plaintiffs suffered no special damages, the slander of title count should be dismissed.

## VI.  There is no claim of fraud against the Defendants.

In Count Six of the Complaint, the Plaintiffs attempt to make a claim of fraud.

> 'Fraud' is defined as (1) a false representation (2) of a material existing fact (3) relied upon by the plaintiff (4) who was damaged as a proximate result of the misrepresentation. If fraud is based upon a promise to perform or abstain from performing in the future, two additional elements must be proved: (1) the defendant's intention, at the time of the alleged misrepresentation, not to do the act promised, coupled with (2) an intent to deceive.

*Deng v. Scroggins*, 169 So. 3d 1015, 1024 (Ala. 2014) (quoting *Coastal Concrete Co. v. Patterson*, 503 So.2d 824, 826 (Ala. 1987)).

In this case, the alleged misrepresentation at issue is based upon a promise to satisfy the mortgage in exchange for payment of a certain sum that the Plaintiffs claim was not the correct amount. Thus, intent must be shown.

Here, the Plaintiffs have utterly failed to plead a fraud claim, as they presented no facts showing that Fay or Wilmington acted with the requisite intent. Rather, they have pleaded only alternative conclusory statements that "Defendants knew they were false or were false and the Defendants, without knowledge of the true facts, recklessly misrepresented the facts; or were false **and were made by the**

**Defendants by mistake**, but with the intention that the Deans should rely on them." Complaint at ¶ 30 (emphasis added).

Additionally, the Plaintiffs have not shown that they have suffered any damages. They state only that they "have lost the use of their money, the subject mortgage has not been satisfied; and the defendants continue to send them monthly statements alleging more debts of late fees, late principal and interest payments due, and incorrectly reporting adverse credit information." *Id.* However, the money was undisputedly owed under the mortgage and the Plaintiffs intended to part with the money at the time they sent what they contend was the payoff – nobody forced them to attempt to satisfy the loan when they did. And the sending of statements or incorrect credit reporting are not damages unless these actions have caused harm, which there are no allegations of.[2] Thus, the Plaintiffs have failed to state a claim of fraud and the claim must be dismissed.

## **CONCLUSION**

Based on the foregoing, Fay and Wilmington respectfully request that this Court grant their Motion to Dismiss.

---

[2] Because of the presence of the allegation that the Defendants sent the wrong payoff amount by mistake, it is possible that the Plaintiffs also intend this count to be one for negligent misrepresentation. *See Ex parte DaimlerChrysler Corp.*, 952 So.2d 1082, 1090 (Ala. 2006) (elements of negligent misrepresentation claim). However, because they have failed to plead damages, they also cannot go forward on this theory. *See id.* (damages as necessary element).

16

Respectfully submitted on August 12, 2019.

*/s/ Timothy P. Pittman*
Timothy P. Pittman (ASB-0075-I51P)
Amanda M. Beckett (ASB-1884-N75B)
**RUBIN LUBLIN, LLC**
200 Clinton Avenue West, Suite 406
Huntsville, AL 35801
Tel:   (678) 281-2972
Fax:   (404) 601-5095
tpittman@rubinlublin.com
abeckett@rubinlublin.com

*Attorneys for Fay Servicing, LLC and Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as indenture trustee of Citigroup Mortgage Loan Trust 2017-RP2*

## CERTIFICATE OF SERVICE

I, Timothy P. Pittman, certify that on August 12, 2019, a true and correct copy of the foregoing was served upon all parties as follows:

J. Michael Williams, Sr.                 *via ECF email*
Attorney for the Plaintiffs
P.O. Box 1068
Auburn, Alabama 36821-1068
mikewilliamslaw@yahoo.com

*/s/ Timothy P. Pittman*
Timothy P. Pittman (ASB-0075-I51P)