IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| A.B. DEAN, III, and<br>THERESA SMITH DEAN, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | CASE NO. 3:19-cv-502-RAH<br>(WO) |
| COLONIAL BANK, NATIONAL<br>ASSOCIATION, f/k/a COLONIAL<br>BANK, *et al.*, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

After receiving a payoff statement, the Plaintiffs, A.B. Dean III and his wife, Theresa Smith Dean, wired funds to Defendant Fay Servicing, LLC ("Fay") in an effort to payoff and satisfy a mortgage account serviced by Fay and owned by Wilmington Savings Fund Society, FSB ("Wilmington"), as trustee of the Citigroup Mortgage Loan Trust 2017-RP2 ("Trust"). Despite having received the funds, Fay continued to make attempts to collect the entire indebtedness and failed to record a mortgage satisfaction. Receiving no response to their repeated demands that Fay cease its collection activities and record a mortgage satisfaction, the Deans filed this suit on June 12, 2019 against Fay, Wilmington and the Trust. In their Complaint, the Deans contend the Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692. (Doc. 1-1, p. 1-2.) In addition, the Deans assert state law claims of negligence, breach of

contract, violation of the Alabama Residential Mortgage Satisfaction Act, § 35-10-92, Ala. Code 1975, slander of title, and fraud.

On August 12, 2019, the Defendants[1] moved to dismiss all counts in the Complaint (Doc. 8), asserting that the case is due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. On August 19, 2019, the Deans filed their Response (Doc. 10), and the Defendants filed their Reply on August 30, 2019 (Doc. 11).

## I.  Legal Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 663 (alteration in original) (citation omitted). The

---

[1] The Defendants assert that Wilmington and the Trust are improperly identified as separate defendants. The Defendants indicate, and the Deans do not dispute, that Wilmington is the indenture trustee of the Trust and therefore is not involved in the subject loan in its individual capacity.

2

plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U. S. at 555, 570. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*.

## II.   Background

On December 22, 1999, the Deans obtained a loan and executed a mortgage in favor of Colonial Bank on real property located in Opelika, Alabama. (Doc. 1-1, p. 2.) The mortgage later was assigned to the Citigroup Mortgage Loan Trust 2017-RP2. (*Id*.) Fay is the current servicer of the loan on behalf of Wilmington, as indenture trustee of the Trust. (*Id*.)

On November 31, 2018, the Deans requested a payoff from Fay. (*Id*.)  Shortly thereafter, the Deans received a payoff statement from Fay dated December 6, 2018 that provided a payoff figure of $42,522.27 if paid before January 4, 2019.  (Doc. 1-1, pp. 2-3.)

On December 21, 2018, the Deans wired $42,522.27 to Fay.  (Doc. 1-1, p. 3.) Despite having received the wired payoff proceeds and despite the Deans' request for

3

them to do so, Fay failed to record a satisfaction of the Dean's mortgage. (Doc. 1-1, p. 3.) Fay also failed to apply the proceeds against the indebtedness, as the Defendants continued to demand the entire debt during phone calls and correspondence. (Doc. 1-1, p. 4.) The Defendants also have threatened to foreclose on the Deans' home. (Doc. 1-1, p. 4.)

The Deans filed this suit on July 1, 2019 in an effort to cease the collection efforts, obtain satisfaction of the mortgage debt, and have a mortgage satisfaction recorded.

## III. Discussion

In their motion to dismiss, the Defendants primarily argue the Deans' complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court will grant this motion in part and deny it in part.

### A. Negligence (Count One)

The Deans assert the Defendants negligently "mismanaged" and "breached the duty . . . to manage the account and provide the Deans with accurate information." (Doc. 1, p. 3.) In their motion, the Defendants argue the Dean's negligence claim is due to be dismissed because Alabama does not recognize a cause of action for negligent mortgage servicing. The Court agrees.

State and federal courts in Alabama repeatedly have held that a cause of action for negligent or wanton mortgage servicing is not a cognizable claim in Alabama. *See, e.g., Ott v. Quicken Loans, Inc.*, No. 2:13-cv-441-WHA, 2015 WL 248938, at *5 (M.D. Ala. 2015) (Albritton, J.) (unpublished); *Rice v. Seterus, Inc.*, No. 7:17-cv-732-RDP, 2018 WL 513345, at *4 (N.D. Ala. 2018) (unpublished) (citing *U.S. Bank Nat'l Ass'n v. Shepherd*, 202 So. 3d 302, 314-15 (Ala. 2015) (holding that negligence claims for servicing and handling mortgages are improper because the underlying duties are established by contract)); *Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d 1273, 1290 (N.D. Ala. 2013) ("Any obligations Defendant owed to Plaintiffs arose from the mortgage agreement, not from the duty of reasonable care generally owed to members of the public."); *McClung v. MERS, Inc.*, No. 2:11-cv-3621-RDP, 2012 WL 1642209, at *7-8 (N.D. Ala. 2012) (unpublished) (Alabama law simply "does not recognize a tort-like cause of action for the breach of a duty created by contract.").

In response, the Deans do not address the numerous cases cited by the Defendants. Instead, they simply cite the elements of negligence set forth in the Alabama Pattern Jury Instructions (APJI 28.00). The Deans' formulaic recitation of the elements of negligence, however, fails to show how their allegations of negligent servicing are any different from the many other instances where Alabama courts, federal and state, have dismissed claims for negligent servicing. Accordingly, the motion to dismiss Count One is due to be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P.

**B. Breach of Contract (Count Two)**

In Count Two, the Deans allege the Defendants breached the terms of the note and mortgage by failing to satisfy the mortgage indebtedness, failing to release the mortgage without charge to the Deans, and by continuing to make demands for payment. (Doc. 1-1, p. 3.)

The Defendants argue that § 35-10-92(d), Ala. Code 1975, of the Alabama Residential Mortgage Satisfaction Act is the exclusive statutory remedy for the Deans under the facts of this case, and therefore the breach of contract claim must be dismissed in its entirety. (Doc. 8-1, p. 7.) The Defendants also argue the Deans have failed to allege any damages.

In response, the Deans altogether ignore the Defendants' argument regarding the exclusive remedy under the Alabama Residential Mortgage Satisfaction Act. Instead, the Deans again cite to the Alabama Pattern Jury Instructions and argue that they sufficiently have pleaded facts demonstrating the elements of a breach of contract claim. They also argue that they have suffered damages not only through the failure of the Defendants to record a mortgage satisfaction, but also because they have suffered mental anguish and emotional distress, have an unsatisfied debt upon which the Defendants continue to demand payment, have had negative information reported to credit bureaus, and have continued to be charged fees and costs.

While the Court agrees that Ala. Code § 35-10-92 precludes the Deans' claims to the extent the claims relate to the physical act of recording the satisfaction of

6

mortgage and the damages that may flow from that failure, the Court disagrees with the Defendants' position that the Act serves as a complete bar to all of the Deans' contract claims. As the Court interprets the Deans' breach of contract claim, not only does the count claim breach of contract for the Defendants' failure to record a mortgage satisfaction with the probate court of Lee County, but the count also claims the Defendants have committed a breach of contract by not applying the payoff proceeds against the loan balance. It is the Defendants' actions in failing to apply the payoff proceeds that results in the allegations of improper collection efforts, negative credit reporting, and improper assessment of fees. These allegations and damages are separate and distinct from the recording issue.

As such, the Defendants' motion to dismiss Count Two is granted only to the extent Count Two is premised upon the Defendants' failure to record a mortgage satisfaction. The motion is denied in all other respects as it concerns Count Two.

### C. The Alabama Residential Mortgage Satisfaction Act (Count Three)

In Count Three, the Deans allege the Defendants violated the Alabama Residential Mortgage Satisfaction Act, Ala. Code § 35-10-92, because they failed to record a mortgage satisfaction after having received the payoff proceeds. (Doc. 1-1, p. 4.) Section 35-10-92(a) requires a secured creditor to submit a satisfaction of a mortgage for recording within 30 days of receiving full payment. If a creditor fails to do so, the creditor is only liable for a $500 penalty and "any actual economic damages

directly caused by the failure to comply with this section." Ala. Code §§ 35-10-92(c), (d).

The Defendants argue the Deans have not sought the statutory penalty in their Complaint and have pleaded no facts demonstrating that they have suffered "actual economic damages directly caused by the failure to comply with this section." (Doc. 8-1, p. 8.) In response, the Deans allege that they have demanded satisfaction of the mortgage in compliance with the statute and maintain that the "statute is clear, damages are clear and there is a prima facie case established against the defendants." (Doc. 10, p. 7.)

The Court concludes the Deans have failed to plead damages, either statutory or actual, and thus have not stated a plausible claim for relief. The Deans' sparse, conclusory, and unsupported allegations are insufficient to withstand the Defendants' motion to dismiss.

Deficiencies of pleading exist in the Complaint, but a more carefully drafted complaint would adequately state a claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Therefore, the Court will dismiss this claim, without prejudice, but will allow the Deans the opportunity to file an amended complaint that addresses the deficiencies outlined by the Defendants in their motion.

**D. The Fair Debt Collection Practices Act**

In Count Four, the Deans seek to recover damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, for the Defendants' collection efforts, including telephone calls, collection letters, foreclosure threats, and credit reporting, after the payoff proceeds were received by the Defendants.

To prevail on an FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Janke v. Wells Fargo and Co.,* 805 F.Supp.2d 1278, 1281 (M.D. Ala. 2011). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *Id.*

The Defendants, primarily relying on the second element, assert the Deans' claim for an FDCPA violation is due to be dismissed because the Deans have failed to make the threshold showing that the Defendants are "debt collectors" as defined by the FDCPA. In addition, citing 15 U.S.C. § 1692k(a), the Defendants argue the Deans have failed to allege facts demonstrating, and have not requested, statutory damages. In their Response, the Deans attach exhibits, which they claim are central to the

9

Complaint and indicate that the Defendants are "debt collectors." (Doc. 10, p. 7.) The Deans, however, do not benefit the Court with any legal authority in response to the Defendants' specific argument regarding their pleading deficiencies.

The Defendants also argue that, even if the Court is to assume the Defendants have met the statutory definition of a "debt collector," Fay, as a mortgage servicer, is exempted from coverage under the FDCPA pursuant to 15 U.S.C. § 1692a(6)(F). *See Madura v. Lakebridge Condo. Ass'n Inc.*, 382 F. App'x 862, 864 (11th Cir. 2010) ("[C]onsumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered debt collectors, as long as the debt was not in default at the time it was assigned.").

The Dean's Complaint does not allege enough factual content to infer that each of the Defendants was a "debt collector" and that the Deans were the subject of improper debt collection activity. Furthermore, the Deans' Complaint does not plausibly allege that the Defendants engaged in conduct that violated the FDCPA. Instead of detailing the factual conduct each of the Defendants engaged in, the Deans simply assert that the Defendants continued to call the Deans "[a]fter the debt collectors were told not to call them." (Doc. 1-1, p. 4.) They also make no attempt to state which provision of the FDCPA each of the Defendants has violated or how each of the Defendants violated that section. *Ashcroft*, 556 U.S. at 78 ("A pleading that offers labels and conclusions or a "formulaic recitation of the elements of a cause of action will not do.") (quoting *Twombly*, 550 U.S. at 555); *see also Hardy v. Wells Fargo Bank,*

*N.A.,* Civil Action No. 1:12-CV-851-SCJ-LYW, 2013 WL 12014436, at *11 (N.D. Ga. Jan. 31, 2013) (finding that the plaintiff failed to state a claim for violation of § 1692e where she "omit[ted] to plead specific facts in support of her claim" and simply stated that the defendants violated notice requirements of the security deed).

Like with the Deans' claim under the Alabama Residential Mortgage Satisfaction Act, the Court will dismiss this claim, without prejudice, but will allow the Deans the opportunity to file an amended complaint that addresses the deficiencies outlined by the Defendants in their motion.

### E. Slander of Title (Count Five)

Count Five of the Complaint alleges slander of title against the Defendants. (Doc. 1-1, p. 4.)

The elements of slander of title under Alabama law are:

> (1) Ownership of the property by plaintiff; (2) falsity of the words published; (3) malice of defendant in publishing the false statements; (4) publication to some person other than the owner; (5) the publication must be in disparagement of plaintiff's property or the title thereof; and (6) that special damages were the proximate result of such publication.

*Folmar v. Empire Fire & Marine Ins. Co.,* 856 So. 2d 807, 809 (Ala. 2003) (citations omitted). For purposes of a slander of title claim, malice may be proven with evidence that the defendant "intentionally disparaged the plaintiff's title" or "[']recklessly disparaged it without information sufficient to support a bona fide belief' in the veracity of the disparaging statement." *Roden v. Wright*, 646 So. 2d 605, 611 (Ala. 1994)

11

(internal modifications and emphases omitted) (quoting *Harrison v. Mitchell*, 391 So. 2d 1038, 1041 (Ala. Civ. App. 1980)).

The Defendants contend the Deans' slander of title claim is deficient because the Deans have failed to allege malice or special damages in their Complaint. The Deans do not respond directly to this argument. Instead, they revert to their allegation that the Defendants' failure to satisfy the mortgage created a "cloud" on their title. They do not plead or reference any specific facts in support of their slander of title claim, and it is entirely unclear what special damages they claim to have suffered. Thus, the Dean's claim is comprised of nothing more than legal conclusions. A claim requires more "than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Deans' claim, as alleged in the Complaint, fails to set forth a plausible slander of title action against the Defendants. *See, e.g., Suggs v. Bank of America, N.A.*, 2013 WL 12109767, at *7 (N.D. Ga. 2013) (dismissing slander of title claim because plaintiff plead nothing more than legal conclusions); *Prickett v. BAC Home Loans*, 946 F.Supp.2d 1236 (N.D. Ala. 2013)(citing *Ebersole v. Fields*, 62 So. 73, 75 (Ala. 1913) and stating, "Special damages must be "distinctly and particularly set out" in the complaint, and "[a]n allegation of loss in general terms is not sufficient.").

Accordingly, the Deans' slander of title claim is inadequately pled and should be dismissed without prejudice. Nevertheless, the Court will allow the Deans to restate this claim in an amended complaint.

**F. Fraud**

Count Six of the Complaint alleges that, "[o]n December 6, 2018, the Defendants represented to the Deans that if they paid $42,522.27 to the Defendants that this AMOUNT would be the TOTAL AMOUNT TO PAY LOAN IN FULL" and that "[t]he Deans relied on this representation and paid the $42,522.27." (Doc. 1-1, p. 4.) In addition, the Deans allege:

> . . . The said representations were false and the Defendants knew they were false or were false and the Defendants, without knowledge of the true facts, recklessly misrepresented the facts; or were false and were made by the Defendants by mistake, but with the intention that the Deans should rely on them.
>
> … The Deans relied on said representations to their detriment. The Deans have lost the use of their money, the subject mortgage has not been satisfied; and the defendants continue to send them monthly statements alleging more debts of late fees, late principal and interest payments due, and incorrectly reporting adverse credit information.

(Doc. 1-1, p. 4.)

In Alabama, a plaintiff alleging fraud under a misrepresentation theory "must prove four elements: (1) a false representation; (2) that the false representation concerned a material existing fact; (3) that the plaintiff relied upon the false representation; and (4) that the plaintiff was damaged as a proximate result of the

reliance." *Billy Barnes Enterprises, Inc. v. Williams*, 982 So. 2d 494, 499 (Ala. 2007) (citation omitted); *see also Cook's Pest Control, Inc. v. Rebar*, 28 So. 3d 716, 725 (Ala. 2009).

The Defendants argue the Deans have failed to allege a plausible claim of fraud because they alleged no facts demonstrating that Fay or Wilmington acted with the requisite intent. (Doc. 8-1, p. 15.) In addition, the Defendants contend the Deans have failed to present facts demonstrating they have suffered any damages because the money already was owed under the mortgage at the time of the payoff. (*Id*., p. 16.) In their Response, the Deans, citing the Alabama Pattern Jury Instructions, reassert the allegations in their Complaint and emphasize that they were harmed by and relied upon the "false" statement that the payoff was $42,522.27. (Doc. 10, p. 9.) However, again, it is unclear from the Complaint of the specific harm suffered by the Deans.

This Court finds the Deans have not adequately pled a claim for fraud against the Defendants. In Alabama, a fraud claim cannot be based on mere broken promises; the promisor must either know that the future event will not occur or have no intention of performing it. *See Heisz v. Galt Industries, Inc*., 93 So. 3d 918, 925-26 (Ala. 2012) ("'[F]ailure to perform alone is not sufficient evidence to show a present intent not to perform. If it were, then every breach of contract would be 'tantamount to fraud.'").

The Deans allege the Defendants, generally, sent them correspondence informing them of the amount of the payoff and the date by which the payment must be made, but the Deans have not plausibly alleged that each of the Defendants knew

14

the alleged written promise was false when it was made them. *See Sheely v. Bank of America, N.A.*, No. 17-14511, 2018 WL 2434462, at *4 (11th Cir. 2018) (holding that the district court properly granted summary judgment for the defendant when the evidence in the record did not show that the defendant had made statements it knew to be false or misleading).

Therefore, absent facts in addition to nonperformance, Count Six only hints of the mere possibility of general misconduct, *i.e.*, that the Defendants intended to deceive the Deans, while at the same time it does not allege sufficient factual content from which this Court can draw the reasonable inference that each of the Defendants is liable for the misconduct alleged.

For this reason, Count Six fails to state a claim upon which relief can be granted and must be dismissed without prejudice.

## VI.   Conclusion

Generally, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *See Bryant*, 252 F.3d at 1163.  Here, deficiencies of pleading exist throughout the Complaint.  Therefore, Counts Three, Four, Five and Six will be dismissed without prejudice, but the Court will allow the Deans an opportunity to file an amended complaint that addresses their pleading

deficiencies. Count One in its entirety and Two in part are due to be dismissed with prejudice.

For the reasons discussed, it is hereby ORDERED as follows:

(1) To the extent the Defendants move to dismiss Count One (Negligence), the Motion to Dismiss is GRANTED and the negligence claim is dismissed with prejudice pursuant to Rule 12(b)(6), Fed. R. Civ. P.;

(2) To the extent the Plaintiffs allege the Defendants' failure to record a satisfaction of the mortgage constitutes a breach of contract, the Defendants' motion to dismiss Count Two is GRANTED and the claim is dismissed with prejudice pursuant to Rule 12(b)(6), Fed. R. Civ. P.;

(3) To the extent the Plaintiffs allege the Defendants have committed a breach of contract by not applying the payoff proceeds against the loan balance, the Defendants' motion to dismiss Count Two is DENIED.

(4) To the extent the Defendants move to dismiss Counts Three, Four, Five and Six, the motion is GRANTED, and these claims are dismissed without prejudice.

(5) The Deans shall be afforded an opportunity to amend the complaint on or before March 9, 2020, to remedy their pleading deficiencies.

DONE, this 25th day of February, 2020.

                                              /s/ R. Austin Huffaker, Jr.
                                              R. AUSTIN HUFFAKER, JR.
                                              UNITED STATES DISTRICT JUDGE