A.B. Dean, III and

   Theresa Smith Dean                     }  IN THE DISTRICT COURT

                                   }

       Plaintiffs,                 } FOR THE MIDDLE DISTRICT

Vs.                                } OF ALABAMA

                                   }     EASTERN DIVISION

Colonial Bank, National Association; f/k/a     }

Colonial Bank,& Fay Servicing, LLC &       } CASE NO: 3:19-CV-502-RAH

   Wilmington Savings Fund Society, FSB & }          (WO)

   CITIGROUP MORTGAGE LOAN TRUST

   2017-RP2 & Fictitious Parties A, B, C    }       TRIAL BY JURY REQUESTED

Whose exact names are currently unknown}

But will be supplemented when the exact   }

names and information are determined.       }

                                     }

                                     }

       Defendants.                 }

### PLAINTIFF'S FIRST AMENDED COMPLAINT

     COMES NOW Plaintiff pursuant to this Court's Order (Document 15), dated February 25, 2020, and hereby amends the complaint to read as follows. A great deal of the original complaint is adopted, but amended portions are in **bold.**

### Statement of the facts

1. The Plaintiffs, hereinafter referred to as "the Deans", are residents of 1100 4th Avenue, Opelika, LEE COUNTY, Alabama, hereinafter referred to as "the Home" or "the subject property".

2. Defendant Colonial Bank, National Association f/k/a Colonial Bank is the original mortgage holder and has failed to satisfy the mortgage and note, and is a domestic corporation. Defendant Wilmington Savings Fund Society, FSB, is represented by Fay Servicing, LLC which is its Agent, servant or employee.

According to recorded documents, CITIGROUP MORTGAGE LOAN TRUST 2017-RP2 currently holds the subject mortgage.

**3.** Neither Wilmington nor CITIGROUP have obtained a certificate of authority before transacting business in the State of Alabama.

**4.** Defendants, fictitious parties, A, B, C are individuals, general partnerships, limited partnerships. Corporations, LLCs, or other legal entities who, were at all times material to this cause responsible for the torts complained of and as set forth in the complaint.

**5.** The Deans entered into the subject mortgage with defendant Colonial Bank on December 22, 1999, which is recorded at Mortgage Book 2710 at page 575 in the office of the Judge of Probate, Lee County Alabama.  This mortgage is still outstanding and has not been satisfied.

**6.** The Subject Mortgage was assigned to H & R Block Bank on March 26, 2007 and recorded at Book 3448 at page 707, by Colonial Bank, National Association, f/k/a Colonial Bank.

**7.** The Subject mortgage was assigned to HRB MORTGAGE HOLDINGS, LLC on March 5, 2014, and recorded at mortgage book 4042 at page 284, by H & R Bock Bank FSB.

**8.** The Subject Mortgage was assigned to CITIBANK, N.A., AS TRUSTEE FOR CMLTI TRUST, on March 31, 2017, and recorded at Mortgage Book 4298 at page 747, by HRB Mortgage Holdings, LLC.

**9.** The Subject Mortgage was assigned to CITIGROUP MORTGAGE LOAN TRUST 2017-RP2 on February 15, 2018, and recorded at Mortgage Book 4374 at page 63, by Citibank, N.A. as trustee for CMLTI Asset Trust.

**10.** According to a letter to the Deans, defendant Fay Servicing, LLC is the servicer of the above reference loan (150976), on behalf of, defendant, Wilmington Savings Fund Society, FSB. The Deans are not privy to whatever paperwork connects CITIGROUP to Wilmington to Fay but that documentation will be received through discovery,

**11.** On November 31, 2018 Dean called and spoke with "Bill" at Fay to request a payoff of the Subject Mortgage.  A form was sent by Fay to Dean on December 4,

2018.  Fay sent Dean a PAYOFF STATEMENT dated December 6 ,2018, stating that $42,522.27 would be due by January 4, 2019, being the TOTAL AMOUNT TO PAY LOAN IN FULL.  Wiring and routing information was provided by Fay.

**12.** Dean had Regions Bank wire the $42,522.27 to Fifth Third Bank on December 21, 2018.

**13.** Since paying the funds to pay the loan in full, Fay has refused to Satisfy the loan, mortgage and note.  The Deans have repeatedly requested that the loan be satisfied, in writing and orally, but the defendants continue to refuse to do so.

**14.** Fay, as agent servant or employee of the other defendants, continues to send statements of a debt; has debt collectors continue to call the Deans, even after the Deans have asked the debt collectors to not call them, both orally and in writing.

**15.** Fay has sent the Deans a letter dated May 1, 2019 threatening foreclosure.  The Deans have disputed the debt, in writing, and Fay has failed to respond to any of the disputes of the Deans.

**16.** Paragraph 21 of the original mortgage calls for the payment of reasonable attorney fees.

**17.** **The Defendants conduct, under the circumstances, was negligent, fraudulent, intentional and/or willful and amounts to actual malice.**

**18.** **The Defendants entered into a pattern and practice of fraudulent conduct like that perpetuated against the plaintiffs in an effort to extort money in excess of the amount stated in the payoff statement.**

### COUNT ONE-NEGLIGENCE

**19.**   The Plaintiffs adopt paragraphs 1-18, as set out above.

**20.**   The Defendants negligently, willfully, and grossly mismanaged   the account/loan of the Deans and breached the duty of the defendants to manage the account and provide the Deans with accurate information.

### COUNT TWO-BREACH OF CONTRACT

**21.** The Plaintiffs adopt paragraphs 1-18 as set out above.

**22.** The parties entered into the mortgage and note referred to above.  The Deans have paid the PAYOFF, as set forth in the documents, yet the Defendants have breached the terms of the contract by not satisfying the mortgage and note.

Paragraph 22 of the original Mortgage states that upon payment of all sums secured by this Security Instrument, the lender shall release this Security Instrument without charge to borrower.

### COUNT THREE-VIOLATION OF 35-10-92, Code of Alabama

**23.** The Plaintiffs adopt Paragraphs 1-18, as set out above.

**24.** The Defendants have failed to satisfy the mortgage in the Probate office of LEE County Alabama as required by Statute.

**25. The failure of the Defendants to satisfy the mortgage on the records of the Probate Office constitutes and violation of this statute.  The Plaintiffs sent a letter and request to the defendants on April 5, 2019 requesting this be done, yet it was not, prior to the filing of this complaint.**

**26. Plaintiffs demand judgment against the Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus ALL STATUTORY REMEDIES AND RELIEF, attorney's fees and costs.**

### COUNT FOUR- Violation of the Fair Debt Collection Act

**27.** The Plaintiffs adopt Paragraphs 1-18 as set out above.

**28.** Debt collectors, acting as agents, servants or employees of the defendants have continued to call and Deans, after the debt collectors were told not to call them, both orally and in writing.  Further, the defendants have reported incorrect credit information related to late payments and deficiencies after the Deans had paid the debt in full.

**29. The Defendants and their agents, servants and employees stated, in writing and orally, that they were debt collectors, and are subject to the legal requirements of the Fair Debt Collection Practices Act.**

**30. The Defendants behavior constitutes a violation of 15 U.S.C. section 1692D, including but not limited to the behavior described in paragraph 14.**

**31. The Defendants behavior of consistently misrepresenting and inflating the amount due and amount outstanding on the Plaintiff's account constitutes a violation of 15 U.S.C. section 1692E (2).**

32. **Defendants recklessly, knowingly, and/or intentionally violated this statute in an effort to get the Plaintiffs to pay more than what was due, even after the Plaintiffs told the Defendants and their agents that they had paid the TOTAL AMOUNT TO PAY LOAN IN FULL, as set out in the payoff statement.**

33. **As a proximate consequence of the Defendants' wrongful conduct, the Plaintiffs suffered mental anguish, aggravation, emotional distress, and a reduction in their credit rating.**

34. **Wherefore, Plaintiffs demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus Statutory Remedies and relief, including damages as set forth in 15 U.S. Code Section 1692k, including injunctive relief, attorney fees and costs.**

**COUNT FIVE-Slander of title**

35. The Plaintiffs adopt Paragraphs 1-18, as set out above.

36. The failure of the defendants to satisfy the Mortgage, has created a "cloud" on the title of the subject property and thus is a slander of the title to the subject property.

37. **Upon payment of the mortgage debt, the legal title which had passed to the mortgagee is divested and revests in the mortgagor (Deans) or purchaser from the mortgagee (Defendants), <u>Ala.Code, 1975</u> sec. 35-10-26. Thus, the Defendants continued to hold title to the home of the Deans, even though the debt had been paid. Thus, the home was not marketable. The Plaintiffs repeatedly asked the Defendants to act, but, with malice, they did not, and continued to threaten foreclosure. This caused mental anguish and emotional distress to the plaintiffs.**

38. **Nominal damages are treated as actual damages, <u>Pihakis v. Cottrell</u>, 286 <u>Ala.579, 243 So.2d 685 (1971). In this case, Pihakis , the defendant, had the plaintiff sign a deed though he told him it was a mortgage. On demand by Cottrell, Pihakis immediately executed a deed to the plaintiff. Still the deed</u>**

**being on record though for a short time was a cloud on the plaintiff's title for such a period and that was held to be nominal damages.**

39. **Wherefore, Plaintiffs demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus Statutory Remedies and relief, including injunctive relief, attorney fees and costs**

<b>COUNT SIX-FRAUD</b>

40. The Plaintiffs adopt paragraphs 1-18, as set out above.

41. **The Plaintiffs aver that the Defendants committed the tort of fraud, as set forth in Ala.Code section 6-5-100-104, 1975; and promissory fraud.**

42. On December 6, 2018, the Defendants represented to the Deans that if they paid $42, 522.27 to the Defendants that this AMOUNT would be the   TOTAL AMOUNT TO PAY LOAN IN FULL. The Deans relied on this representation and paid the $42, 522.27.

43. The said representations were false and the Defendants knew they were false or were false and the Defendants**, without knowledge of the true facts, recklessly misrepresented the facts; or were false and were made by the Defendants by mistake, but with the intention that the Deans should rely on them.**

44. The Deans relied on said representations to their detriment.  The Deans have lost the use of their money, the subject mortgage has not been satisfied; and the defendants continue to send them monthly statements alleging more debts and late fees, late principal and interest payments due, and incorrectly reporting adverse credit information. **As a proximate result, the Deans have suffered further mental anguish and emotional distress and fear that their home would be foreclosed on.**

45. **The Plaintiffs have had to retain the services of an attorney to represent them in matters related to the torts committed by the Defendants.**

46. **Damages are a necessary element of the action, yet they do not have to be based on a pecuniary or monetary loss.  They must be actual damages.  And nominal damages may be actual damages where there has been a showing of legal malice, willfulness, and/or a reckless disregard of the plaintiff's rights, and**

**nominal damages are considered to be actual damages.  Nominal damages will support exemplary damages.**

**46.** WHEREFORE, the Deans do demand judgment against the Defendants for both compensatory and punitive damages, Attorney fees, and costs.

**THE DEANS DEMAND A TRIAL BY JURY.**

Hon. J. Michael Williams, Sr., WIL103
Attorney for the Plaintiffs
P. O. Box 1068
Auburn, Al  36831-1068 / 334-705-0200
Telephone # 334-705-0200
Fax # 334-705-0958
Email:  mikewilliamslaw@yahoo.com