IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| A.B. DEAN, III, et al.<br>    Plaintiffs,<br><br>vs.<br><br>COLONIAL BANK, et al.,<br>    Defendants. | 3:19-cv-00502-RAH-SMD |

**FAY AND WILMINGTON'S *PARTIAL* MOTION TO DISMISS AMENDED COMPLAINT**

COME NOW the Defendants, "Fay" and "Wilmington," and pursuant to *Fed. R. Civ. P. 12(b)(6)*, move the court to dismiss all counts of Plaintiffs' Amended Complaint except that part of Count Two expressly approved by the court's order of February 25, 2020 [doc. 15, pg. 16, ¶2]. In support of this motion, Fay and Wilmington state as follows:

1.   The Plaintiffs, A.B. Dean, III and Theresa Smith Dean (the "Deans"), filed this in the Lee County Circuit Court on June 12, 2019. At the time the case consisted of 6 counts: Negligence, Breach of Contract, Violation of the Alabama Residential Mortgage Satisfaction Act (Ala. Code § 35-10-92), Violation of the Fair Debt Collection Practices Act, Slander of Title, and Fraud.  Complaint, doc. 1-1.

1

2. Fay and Wilmington removed the case [doc. 1] and filed a Motion to Dismiss [doc. 8] under R. 12(b)(6) challenging all 6 counts.

3. This motion was granted, but only in part. Part of the breach claim in Count Two, namely the part that alleged improper application of payoff proceeds, was upheld. Everything else was dismissed. Count One for Negligence and the rest of Count Two were dismissed *with prejudice*. Everything else was dismissed without prejudice, with analysis of the dispositive omissions and an opportunity for an Amended Complaint. Order, doc. 15. This motion is premised on the Deans inability or unwillingness to acknowledge this order.

4. The Deans' Amended Complaint ignores most of the court's prior order, and gives, at best, token effort to address only some of the issues identified therein. Except for part of the breach claim approved by the court, everything else is due to be dismissed again, this time with prejudice.

5. The Deans' Amended Count One restates the exact same, verbatim claim for Negligence [doc. 16, pg. 3, ¶¶19-20] that was already dismissed from this case with prejudice [doc. 15, pg. 16, ¶1]. This claim must be dismissed again, with prejudice.

6. Amended Count Two is the same. It states the exact same (verbatim) claim for breach [doc. 16, pg. 16, ¶1], as if this claim had not been dismissed already with prejudice. This claim must also be dismissed with prejudice a second time.

7. The Alabama Residential Mortgage Recording Act claim was dismissed before because it did not (i) request the statutory penalty or (ii) include any facts demonstrating "actual economic damages." Order, doc. 15, pgs. 8 and 16. In their Amended Count Three the Deans made the minimal effort to add a reference the statutory penalty [doc. 16, pg. 4, ¶ 26], but failed to undertake the more substantial effort necessary to plead actual economic damages. Amended Count Three may stand for the statutory penalty at best, but it still fails to state a claim upon which any other relief can be granted.

8. The prior FDCPA claim did not include enough factual content to allow the inference of "debt collector" status for both Fay and Wilmington. Order, doc. 15, pg. 10. The Deans made little or no effort to resolve this issue, alleging only that the Defendants have stated "that they were debt collectors." Am. Compl., doc. 16, pg. 4, ¶29. This is the same argument the Deans made in response to the Defendants' last Motion to Dismiss [Deans' Response, doc. 10, pg. 7]. The court has already seen this averment, and the written statements, before it declared them insufficient as part of its prior order dismissing this claim without prejudice. Order, doc. 15, pgs. 9-10. Any valid claim under the FDCPA must plausibly allege that both Fay and Wilmington meet the multi-faceted definition of "debt collector." Kurtzman v. Nationstar Mortg. LLC, 709 F. App'x 655, 658–59 (11th Cir. 2017). Despite being warned, the Deans still elect to provide no facts pertinent to any of the elements or

exceptions that compose the statutory definition of "debt collector." In this, their second bite at the apple, the Deans still do not muster even one factual averment as to the use of interstate commerce, the principal purpose of business, the regular collection of debts owed or due to another, or any of the other statutory elements or exceptions definitive of the term "debt collector." 15 U.S.C. §1692a(6).

Consider too that the Deans have twice averred that Fay was the servicer of their mortgage [Compl., doc. 1-1, pgs. 1-3, ¶¶ 2, 10, and 14 - Am. Compl., doc. 16, pgs. 1-3, ¶¶2, 10, and 14]. Mortgage servicing companies "are not considered debt collectors, as long as the debt was not in default at the time it was assigned." See Order, doc. 16, pg. 10 (quoting *Madura v. Lakebridge Condo Ass'n Inc.*, 382 F. App'x 862, 864 (11th Cir. 2010)). The Deans still do not allege that their debt was ever in default. Instead, the most fundamental part of the Deans' story remains the claim they have fully complied with all terms of the debt, including payment in full. Accordingly, Fay could not possibly be a "debt collector" under the circumstances alleged. Amended Count 4 fails to state a claim against either Defendant upon which relief can be granted, and should therefore be dismissed again, this time with prejudice.

9.   Slander of Title is the malicious publication of a false statement impugning the title of property owned by the plaintiff and proximately causing special damages. Ala. Code §6-5-211; *Coffman v Henderson*, 63 So. 808, 809 (Ala.

1913). The malice and the falsity must both be present at the time of publication. *Folmar v. Empire Fire & Marine Ins. Co.*, 856 So. 2d 807, 810 (Ala. 2003). They cannot be separated.

Here the Deans again demonstrate a common misconception of the cause of action for slander of title. They fashion a claim not from a false or malicious publication of their mortgage, but from the alleged failure to remove that lien many years later [doc. 16, pg. 5, ¶36]. Assuming as alleged that the Deans' mortgage was paid off, failure to remove that lien still would not constitute actionable slander of title unless the mortgage was both false and malicious at the time it was recorded. See *Folmar v. Empire Fire & Marine Ins. Co.*, 856 So. 2d 807, 810 (Ala. 2003) ("Refusal to remove a lien, if the lien was recorded without malice, does not give rise to a cause of action for slander of title." (citing *Coffman* at 809)). Nowhere has it been alleged that the mortgage was false or malicious at the time of recording, so a claim for slander of title has not been stated.

Like the plaintiff in *Folmar*, the Deans assume incorrectly "that the malicious action can take place some time after the… the filing of the mortgage," namely after the mortgage is paid off *Id.* at 809. However, in a slander of title the act of malice and the publication at issue, i.e. the recording, "cannot be separated." *Id.* Refusal to remove a lien that was not false and malicious at the time of recording is not a Slander of Title. *Folmar* at 810.

5

10. The Deans' Fraud claim failed before and fails again to specifically plead the necessary elements of harm and intent. In fact the Amended Count Six appears they take issue with the court's analysis. To their original, insufficient averment of damages the Deans added one sentence claiming mental anguish and emotional distress related to the "fear that their home would be foreclosed on." Am. Compl., doc. 16, ¶44. Name checking two additional types of damages does not assist in clarifying what specific harm the Deans have suffered. Moreover, there is no allegation in this case that the Deans were threatened with foreclosure.

The Deans' also fail to make any meaningful addition concerning intent, despite instruction. Order, doc. 15, pgs. 14-15. The Deans offer the same, one-sentence paragraph [Am. Compl., doc. 16, pg. 6, ¶43], a verbatim duplicate from their original Complaint [doc. 1-1, pg. 4, ¶29], the only amendment being the addition of bold-face type and underlining, as to suggest that the problem before was that the court failed to see the words. The Deans demonstrate further a lack of understanding of the intent issue by expanding Count Six to include promissory fraud. Am. Compl., doc. 16, pg. 6, ¶43. Promissory fraud adds two more elements of specific intent, and they cannot even plead standard fraud. See *Padgett v. Hughes,* 535 So. 2d 140, 142 (Ala. 1988)("The elements of fraud are (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the

6

misrepresentation. To prevail on a promissory fraud claim ..., two additional elements must be satisfied: (5) proof that at the time of the misrepresentation, the defendant had the intention not to perform the act promised, and (6) proof that the defendant had an intent to deceive."). Because it fails to account for issues of damages or intent, Amended Count 6 fails to state a claim upon which relief can be granted, and should therefore be dismissed again, this time with prejudice.

WHEREFORE, the premises considered, Fay and Wilmington move the court to dismiss all the claims contained in Plaintiffs' Amended Complaint except that part of Count Two upheld previously.

Respectfully submitted on March 20, 2020.

                         _s/ Timothy P. Pittman_____
                         Timothy P. Pittman (ASB-0075-I51P)
                         Amanda M. Beckett (ASB-1884-N75B)
                         **RUBIN LUBLIN, LLC**
                         200 Clinton Avenue West, Suite 406
                         Huntsville, AL 35801
                         Tel: (678) 281-2972
                         Fax: (404) 601-5095
                         tpittman@rlselaw.com
                         abeckett@rlselaw.com

                         *Attorneys for Fay Servicing, LLC and Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as indenture trustee of Citigroup Mortgage Loan Trust 2017-RP2*

## **CERTIFICATE OF SERVICE**

I, Timothy P. Pittman, certify that on March 20, 2020, a true and correct copy of the foregoing was served upon all parties as follows:

| | |
|---|---|
| J. Michael Williams, Sr.<br>Attorney for the Plaintiffs<br>P.O. Box 1068<br>Auburn, Alabama 36821-1068<br>mikewilliamslaw@yahoo.com | *via ECF email* |

                                       **_s/ Timothy P. Pittman_**
                                       Timothy P. Pittman (ASB-0075-I51P)