# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| A.B. DEAN, III,<br>and THERESA SMITH DEAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>COLONIAL BANK, NATIONAL ASSOCIATION, FAY SERVICING, LLC, WILMINGTON SAVINGS FUND SOCIETY, FSB, CITIGROUP MORTGAGE LOAN TRUST 2017-RP2,<br><br>    Defendants. | 3:19-cv-00502-SMD |

## FAY AND WILMINGTON'S REPLY TO PLAINTIFFS' RESPONSE TO ITS PARTIAL MOTION TO DISMISS

COME NOW, Fay Servicing, LLC ("Fay") and Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as indenture trustee of Citigroup Mortgage Loan Trust 2017-RP2 ("Wilmington")[1], and file this Reply to the Plaintiffs' Response to their Partial Motion to Dismiss, respectfully showing this Honorable Court as follows:

---

[1] As set forth in Wilmington's Notice and Joinder in Motion to Dismiss [Doc. 24], the Plaintiffs have incorrectly identified Wilmington Savings Fund Society, FSB and Citigroup Mortgage Loan Trust 2017-RP2 as two separate parties.

1

# ARGUMENT AND CITATION OF AUTHORITY

### A.  The Federal Rules of Civil Procedure, not the Alabama Rules, Apply in a Removed Action

In their opening argument, the Plaintiffs make the completely unsupported argument that the Alabama Rules of Civil Procedure regarding pleading standards should apply here "since this case began in state court and relies on several state law claims." [Doc. 22] at ¶ D. This is an incorrect statement of the law. "Federal district courts apply federal pleading standards after removal." *Duncan v. Citimortgage, Inc.*, 617 F. App'x 958, 960 (11th Cir. 2015) (citing Fed. R. Civ. P. 81(c)(1)).

The Plaintiffs also argue that the Motion to Dismiss is premature because Fay and Wilmington have not filed an answer and the Plaintiffs have not been able to conduct discovery. [Doc. 22] at ¶ E. This argument again demonstrates a misunderstanding of the law. Fed. R. Civ. P. 12(b) requires the Defendants' Motion to be filed "before pleading if a responsive pleading is allowed." "Rules 8(a) and 9(b) are pleading standards which apply *before* the discovery period begins . . . ." *Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 748-49 (11th Cir. 2013) (citation omitted) (emphasis in original). "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief should [ ] be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). In short, the Plaintiffs must first properly plead under the Federal Rules of Civil Procedure before responsive pleadings or

2

discovery become a relevant concern. They have failed. The Motion to Dismiss should be granted.

**B.     The Plaintiffs Have Failed to Show Economic Injury Required by the Alabama Residential Mortgage Recording Act**

In Fay and Wilmington's Motion to Dismiss, it was argued that the Plaintiffs failed to state a claim for actual damages under the Alabama Residential Mortgage Recording Act ("ARMRA"). *See* [Doc. 18] at p. 3, ¶ 7. Specifically, Fay and Wilmington argued that while the Plaintiffs did include a reference to statutory damages, they "failed to undertake the more substantial effort necessary to plead actual economic damages." *Id.* The argument referenced this Court's Order on the Motion to Dismiss the original Complaint, in which this Court found that the Plaintiffs failed to state a claim because they only set forth "sparse, conclusory, and unsupported allegations" to show that they suffered statutory or actual damages. *See* [Doc. 15] at p. 8. Under Ala. Code § 35-10-92, a defendant who fails to comply with the ARMRA is liable for a $500 statutory penalty and "any actual damages directly caused by the failure to comply with this section."

In a response that looks more like a pleading – albeit an insufficient one – than a brief, the Plaintiffs made absolutely no attempt to convince this Court that they adequately pleaded actual damages. *See* [Doc. 22] at p. 6, ¶¶ 21-24. Instead, they copied and pasted the allegations in their Amended Complaint. *Compare id. with* [Doc. 16], p. 4 ¶¶ 21-24. Those allegations simply say that they "demand

3

judgment against the Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award . . . ." *Id.* at ¶ 24. As with their prior dismissed claim under ARMRA, there are absolutely no facts pleaded to show that the Plaintiffs suffered actual damages. This Court should dismiss the ARMRA claim as it relates to actual damages and at best allow it to proceed only based on statutory damages.

**C.     The Plaintiffs Have Failed to State a Claim Under the FDCPA**

In Count IV of the Amended Complaint, the Plaintiffs attempt to state a claim for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* The same claim in the original Complaint was dismissed in part because the Plaintiffs failed to plead facts to show that Fay or Wilmington qualify as "debt collectors" under the Act. *See* [Doc. 15] at p. 10. Specifically, this Court said that "[t]he Dean's Complaint does not allege enough factual content to infer that each of the Defendants was a 'debt collector' . . . ." *Id.*

As argued in the Motion to Dismiss, the Amended Complaint suffers from the same fatal flaw because the Plaintiffs' only effort to address this issue was the addition of the averment that the Fay's communications included a statement "that they were debt collectors." *See* [Doc. 18] at p. 3, ¶ 8 (quoting [Doc. 16], p. 4, ¶ 29). The Court had already seen this argument in response to the Defendants' prior motion to dismiss, including the written statements at issue, <u>before</u> it declared the

4

averments insufficient and dismissed this claim without prejudice. *See* [Doc. 15], pp. 9-10. This Court's conclusion was correct because "the relevant test of whether an entity is a debt collector under the FDCPA is whether the statutory definition applies, not whether the entity has ever stated in a document that it is a debt collector." *Prickett v. BAC Home Loan*, 946 F. Supp. 2d 1236, 1249 (N.D. Ala. 2013).

Any valid claim under the FDCPA must plausibly allege that both Fay and Wilmington meet the multi-faceted definition of "debt collector." *Kurtzman v. Nationstar Mortg. LLC*, 709 F. App'x 655, 658–59 (11th Cir. 2017). Yet the Plaintiffs still elect to provide no facts pertinent to any of the elements or exceptions that compose the statutory definition of "debt collector." Consider too that the Plaintiffs have now three times averred that Fay was the servicer of their mortgage. *See* [Doc. 1-1], pp. 1-3, ¶¶ 2, 10, 14; [Doc. 16], pp. 1-3, ¶¶ 2, 10, 14; [Doc. 22], p. 5, ¶ 10. Mortgage servicing companies "are not considered debt collectors, as long as the debt was not in default at the time it was assigned." *See* [Doc. 16], p. 10 (quoting *Madura v. Lakebridge Condo Ass'n Inc.*, 382 F. App'x 862, 864 (11th Cir. 2010)). The Plaintiffs still do not allege that their debt was ever in default.

In their Response, the Plaintiffs' only substantive discussion of their FDCPA claim concerns the recent Eleventh Circuit opinion in *Williams v. First Advantage*, 947 F.3d 735 (11th Cir. 2020), which the Plaintiffs assert has "the same

5

circumstances." [Doc. 22], pp. 3-4, ¶ G. This case and its holding are entirely inapposite and demonstrate again a misunderstanding of the issues raised by the Defendants' motions to dismiss and discussed in detail in the Court's order and directive. *Williams* is not even an FDCPA case but is instead a case brought under the Fair Credit Reporting Act. 947 F.3d at 739 ("In this Fair Credit Reporting Act ('FCRA') case . . . ."). It therefore contains no guidance whatsoever on the issues presented. Furthermore, in the passage cited by the Plaintiffs, the Eleventh Circuit is discussing particularly the trial court's remittitur of a punitive damages award, and the issue of whether the award "should be in line with a 1:1 ratio." *Id.* at 759. This not an issue presented in this case, or that could possibly be addressed at the Motion to Dismiss stage. It appears that the Plaintiffs' intent is to draw a favorable comparison between the facts established at the jury trial in *Williams* and the facts of their case. This comparison is false and wildly speculative, but more important, it is entirely outside the scope of the issue at hand, which concerns only the sufficiency of the Deans' pleadings. They have clearly failed to state a claim under the FDCPA, and that claim should be dismissed with prejudice.

**D. The Plaintiffs Have Failed to State a Claim for Slander of Title**

The Plaintiffs' Amended Complaint and their Response[2] omit any indication of understanding of the failures of their Count V – Slander of Title. The claim envisioned by the Plaintiffs is for the Defendants' allegedly slanderous failure to remove what was originally a valid lien. A common misconception, such a claim does not exist. Slander of title is a "malicious publication" of a false statement impugning the title of property owned by the plaintiff and proximately causing special damages. Ala. Code § 6-5-211; *Coffman v Henderson*, 63 So. 808, 809 (Ala. 1913). The malice (and the falsity) cannot be separated from the publication. They must exists at the same time or its not a Slander of Title.

The holding in *Folmar v. Empire Fire & Marine Ins. Co.*, 856 So. 2d 807, 810 (Ala. 2003), is squarely on point here and stands for the rule that "[r]efusal to remove a lien, if the lien was recorded without malice, does not give rise to a cause of action for slander of title." *Id.* (citing *Coffman*, 63 So. at 809). The Plaintiffs have only ever alleged or argued that the mortgage at issue was valid at the time of recording and for many years up to the point they claim to have paid it off. Such circumstances cannot possibly yield a claim for Slander of Title. The claim must be dismissed with prejudice.

---

[2] The Plaintiffs included no arguments in the Response, and just like their ARMRA claim, simply copied and pasted the allegations from their Amended Complaint. *Compare* [Doc. 16], ¶¶ 35-39 *with* [Doc. 22], pp. 7-8, ¶¶ 33-37.

### E. The Plaintiffs Have Failed to State a Claim for Fraud

The Plaintiffs' final claim, Count VI – Fraud, failed before and fails still to specifically plead the necessary elements of harm and intent. Consistent with the other elements of their Response, the Deans elect to make no substantive changes to their pleadings and provide no defense of the issues raised in the Court's prior order dismissing this claim. *See* [Doc. 15], pp. 14-15. The Plaintiffs offer the same one-sentence paragraph on the issue of intent, *compare* [Doc. 16], p. 6, ¶ 43 *with* Doc 22, p. 8, ¶ 41], which is a verbatim duplicate from their original Complaint. *See* [Doc. 1-1], p. 4, ¶29. The only "amendment" being the addition of bold-face type and underlining, as if to suggest that the true problem was that the Court failed to see the pleadings before. The Plaintiffs also make no attempt in their Response to defend their curious expansion of Count Six to include promissory fraud, a claim which adds two more elements of specific intent even more onerous than the intent elements already missing from the pleadings. See *Padgett v. Hughes,* 535 So. 2d 140, 142 (Ala. 1988) ("To prevail on a promissory fraud claim ..., two additional elements must be satisfied: (5) proof that at the time of the misrepresentation, the defendant had the intention not to perform the act promised, and (6) proof that the defendant had an intent to deceive."). Nothing in their Response changes the calculus, and the Plaintiffs have failed in all respects to plead a claim of fraud and to do so with particularly. The claim should be dismissed.

WHEREFORE, the premises considered, Fay and Wilmington move the Court to dismiss all the claims contained in Plaintiffs' Amended Complaint except that part of Count Two upheld previously (namely that relating to the alleged misapplication of payments).

Respectfully submitted April 20, 2020.

                                                        ***s/ Timothy P. Pittman***
                                                        Timothy P. Pittman (ASB-0075-I51P)
                                                        Amanda M. Beckett (ASB-1884-N75B)
                                                        **RUBIN LUBLIN, LLC**
                                                        200 Clinton Avenue West, Suite 406
                                                        Huntsville, AL 35801
                                                        Tel:   (678) 281-2972
                                                        Fax:  (404) 601-5095
                                                        tpittman@rlselaw.com
                                                        abeckett@rlselaw.com

                                                        *Attorneys for Fay Servicing, LLC and Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as indenture trustee of Citigroup Mortgage Loan Trust 2017-RP2*

## CERTIFICATE OF SERVICE

I, Timothy P. Pittman, certify that on April 20, 2020, a true and correct copy of the foregoing was served upon all parties as follows:

<table>
<tr><td>
J. Michael Williams, Sr.<br>
Attorney for the Plaintiffs<br>
P.O. Box 1068<br>
Auburn, Alabama 36821-1068<br>
mikewilliamslaw@yahoo.com
</td><td>
*via ECF email*
</td></tr>
</table>

                                             ***s/ Timothy P. Pittman***
                                             Timothy P. Pittman (ASB-0075-I51P)