IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| A.B. DEAN, III, and <br> THERESA SMITH DEAN, <br> <br> Plaintiffs, <br> <br> v. <br> <br> COLONIAL BANK, NATIONAL <br> ASSOCIATION, f/k/a COLONIAL <br> BANK, *et al.*, <br> <br> Defendants. | CASE NO. 3:19-cv-502-RAH <br> (WO) |

**MEMORANDUM OPINION AND ORDER**

After receiving a payoff statement from Defendant Fay Servicing LLC (Fay), Plaintiffs, A.B. Dean III and his wife, Theresa Smith Dean ("the Deans"), wired payoff funds to Fay in an effort to payoff and satisfy a residential loan serviced by Fay and owned by Wilmington Savings Fund Society, FSB ("Wilmington"), as trustee of the Citigroup Mortgage Loan Trust 2017-RP2 ("Trust"). Despite having received the funds, Fay continued to make demands for payment of the entire indebtedness and failed to record a mortgage satisfaction. Receiving no response to their repeated demands that Fay cease its collection activities and record a mortgage satisfaction, the Deans filed suit on June 12, 2019 against Fay, Wilmington and the Trust in the Circuit Court of Lee County, Alabama.

In their initial Complaint, the Deans asserted state law claims of negligence, breach of contract, slander of title, and fraud, a violation of the Alabama Residential Mortgage Act, § 35-10-92, Ala. Code 1975, and a federal claim alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq*. (Doc. 1-1.) The Defendants removed the case to federal court, asserting this Court has federal question jurisdiction due to the FDCPA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). (Doc. 1.)

The Defendants then filed a motion to dismiss. (Doc. 8.) To the extent the Deans alleged that the Defendants committed a breach of contract by not applying the payoff proceeds against the loan balance, the Court denied the Motion. (Doc. 15.) The Court also dismissed with prejudice (1) the breach-of-contract claim to the extent the Deans asserted the Defendants failed to record a satisfaction of the mortgage and (2) the negligence claim. (*Id*.) The remaining claims were dismissed without prejudice. The Court, however, afforded the Deans the opportunity to amend their complaint to remedy the pleading deficiencies associated with those claims dismissed without prejudice.

On March 7, 2020, the Deans filed their First Amended Complaint, reasserting state law claims of negligence, breach of contract, violation of the Alabama Residential Mortgage Satisfaction Act, § 35-10-92, Ala. Code 1975, slander of title, and fraud, and a federal claim that the Defendants violated the FDCPA. (Doc. 16.)

2

On March 20, 2020, Fay and Wilmington filed a Partial Motion to Dismiss Amended Complaint (Doc. 18), asserting the Deans had failed to remedy their pleading deficiencies and therefore all of the Deans' claims, except for the breach-of-contract claim, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. On April 5, 2020, the Deans filed their Response. (Doc. 22.) On April 8, 2020, Citigroup Mortgage Loan Trust 2017-RP2 filed a joinder in the pending partial motion to dismiss. (Doc. 24.) On April 20, 2020, Fay and Wilmington filed their reply. (Doc. 27.)

I.   **Legal Standard**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 663 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Conclusory allegations that are merely "conceivable" and fail

to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*.

## II.    Background

On December 22, 1999, the Deans obtained a loan secured by a mortgage in favor of Colonial Bank on real property located in Opelika, Alabama. (Doc. 16, pp. 1-2.) The loan later was assigned to the Citigroup Mortgage Loan Trust 2017-RP2. (*Id*.) Fay is the current servicer of the loan on behalf of Wilmington, as indenture trustee of the Trust. (*Id*., at p. 2.)

On November 31, 2018, the Deans requested a payoff figure from Fay. (*Id*., at p. 3.)  Shortly thereafter, the Deans received a payoff statement from Fay dated December 6, 2018 that provided a payoff figure of $42,522.27 if paid before January 4, 2019.  (*Id*.)

On December 21, 2018, the Deans wired $42,522.27 to Fay. (*Id*.)  Despite having received the wired payoff proceeds and despite the Deans' request for Fay to do so, Fay failed to record a satisfaction of the Dean's mortgage. (*Id*.)  Fay also failed to apply the proceeds against the indebtedness, as Fay continued to demand the entire

debt during phone calls and correspondence. (*Id*., at pp. 3-4.) Fay also threatened to foreclose on the Deans' home. (*Id*., at p. 3.)

The Deans filed suit in an effort to cease the collection efforts, obtain satisfaction of the debt, and have a mortgage satisfaction recorded.

### III. Discussion

In their Motion, the Defendants assert that, with the exception of the breach-of-contract claim in Count Two, all of the claims in the Amended Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. To the extent the Defendants seek to dismiss the FDCPA claim, the Defendants' Motion is due to be granted. Because the sole federal claim in this action (the FDCPA claim) is due to be dismissed, this Court pretermits discussion of the state law claims and will remand the case to the Circuit Court of Lee County, Alabama.

#### A. The Fair Debt Collection Practices Act

In Count Four, the Deans seek to recover damages under the FDCPA for the Defendants' collection efforts, including telephone calls, collection letters, foreclosure threats, and credit reporting, after the payoff proceeds were received by the Defendants. The Deans allege the Defendants' behavior constitutes harassment under 15 U.S.C. § 1692d and § 1692e of the FDCPA.

To prevail on an FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a "debt collector" as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Janke v. Wells Fargo and Co.,* 805 F.Supp.2d 1278, 1281 (M.D. Ala. 2011). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *Id.*

The Defendants, primarily relying on the second element, assert the Deans' FDCPA claim is due to be dismissed because the Deans have failed to make the threshold showing that the Defendants are "debt collectors" as defined by the FDCPA. (Doc. 18, at pp. 3-4.) The Defendants also argue that, even if the Court is to assume the Defendants have met the statutory definition of a "debt collector," Fay, as a mortgage servicer, is exempted from coverage under the FDCPA pursuant to 15 U.S.C. § 1692a(6)(F). (Doc. 18, at p. 4 (citing *Madura v. Lakebridge Condo. Ass'n Inc.*, 382 F. App'x 862, 864 (11th Cir. 2010) ("[C]onsumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered debt collectors, as long as the debt was not in default at the time it was assigned.")).

6

In their Response, the Deans assert that the Defendants' identification of themselves as debt collectors in phone calls and written correspondence constitutes an admission that the FDCPA applies to the Defendants. (Doc. 22, at p. 6.) The Deans' assertion is unavailing because it rests on the flawed premise that a litigant can amend the definition of a statutorily-defined term. As the Eleventh Circuit has noted, an entity cannot transform itself into a "debt collector" within the meaning of the FDCPA simply by noting in a letter that it may be considered one under the FDCPA. *See Fenello v. Bank of America, NA*, 577 Fed. Appx. 899, 902 (11th Cir. 2014) (per curiam) (citing *United States v. Contreras*, 739 F.3d 592, 596 (11th Cir. 2014); *Stansell v. Revolutionary Armed Forces of Colom.*, 704 F.3d 910, 915 (11th Cir. 2013) ("In general, statutory definitions control the meaning of a statute's terms.")).

Here, the Amended Complaint does not allege enough factual content to infer that each of the Defendants was a "debt collector" under the FDCPA. Furthermore, the Amended Complaint does not plausibly allege that the Defendants engaged in conduct that violated the FDCPA. Instead of detailing the factual conduct each of the Defendants engaged in, the Deans simply assert that the Defendants "misreprent[ed] and inflat[ed] the amount due" and continued to call "[a]fter the debt collectors were told not to call them." (Doc. 16, at p. 4.)

Consequently, the FDCPA claim is due to be dismissed with prejudice because the Deans have failed to state a plausible claim for relief.  *See Kurtzman v. Nationstar Mortgage LLC*, 709 Fed. App'x 655 (11th Cir. 2017).

### B. The State Law Claims

Under 28 U.S.C. § 1367(c)(3), the Court may "decline to exercise supplemental jurisdiction over a [state law] claim if the district court has dismissed all claims over which it has original jurisdiction…. "   "[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice…." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).

The Court's exercise of supplemental jurisdiction over the remaining state law claims is discretionary.  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").  The discretion to remand supplemental state law claims "enables district courts to deal with cases involving [state law] claims in the manner that best serves the principles of economy, convenience, fairness and comity…." *Snapper v. Redan*, 171 F.3d 1249, 1263 n. 26 (11th Cir. 1999) (quoting *Carnegie-Mellon Univ.*, 484 U.S. at 357).

The Court finds that the principles of economy, convenience, fairness and comity are best served by remanding the remaining state law claims to the Circuit Court of Lee County, Alabama, especially since the sole federal claim has been dismissed at the early stage of this case. Thus, the Court declines to exercise supplemental jurisdiction over the Deans' remaining state law claims.

## IV. Conclusion

For the reasons discussed, it is hereby ORDERED as follows:

(1) To the extent the Defendants move to dismiss the FDCPA claim (Count Four), the Partial Motion to Dismiss (Doc. 18) is GRANTED, and the FDCPA claim is dismissed, with prejudice;

(2) The Court declines to retain supplemental jurisdiction over the remaining state law claims in this case;

(3) The remaining state law claims are hereby REMANDED to the Circuit Court of Lee County, Alabama, and therefore the Clerk of the Court be and is hereby DIRECTED to take all actions necessary to accomplish the remand of this case to the Circuit Court of Lee County, Alabama.

DONE, this 21st day of April, 2020.

                                          /s/ R. Austin Huffaker, Jr.
                                          R. AUSTIN HUFFAKER, JR.
                                          UNITED STATES DISTRICT JUDGE